**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| PATRICE MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21cv00542 |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Defendant, Kroger Limited Partnership I, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby removes this action from the Circuit Court for Hanover County, Virginia, which is styled as *Patrice Moody v. Kroger Limited Partnership I* (Case No. CL21002574-00) (the "State Court Action") to the United States District Court for the Eastern District of Virginia, Richmond Division, and respectfully states:

1.     On July 27, 2021, Plaintiff, Patrice Moody, commenced this action by filing a Complaint in the Circuit Court for Hanover County, Case No. CL21002574-00.

2.     In this action, Plaintiff asserts claims against Defendant for alleged employment discrimination under (a) Title VII, 42 U.S.C. § 2000e, *et seq.*, and (b) the Virginia Human Rights Act ("VHRA"), Va. Code § 2.2-3909 *et seq.*

3.     Defendant was served with Summons and a copy of the Complaint on August 3, 2021.  True and correct copies of all process, pleadings, and orders served upon Defendant in this case are attached as **Exhibit A**.  To date, no other process, pleadings, or orders have been served upon Defendant.

4.      Removal of the entire action is proper because:  (i) this Court has federal question jurisdiction over Plaintiff's Title VII claim and supplemental jurisdiction over Plaintiff's VHRA claim, and (ii) this Court has diversity jurisdiction over the entire action.

## I.      Removal based on § 1331 - Federal Question Jurisdiction

5.      Removal on the basis of federal question jurisdiction is proper under 28 U.S.C. § 1441(a) because:  (i) this is a civil action, brought in a state court, of which the district courts of the United States have original, federal question jurisdiction, and (ii) the Eastern District of Virginia, Richmond Division, is the district court of the United States for the district and division embracing the place where this action was originally filed:  Hanover County, Virginia.

6.      The district courts of the United States have original, federal question jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  Specifically, in Count I of her Complaint, Plaintiff asserts a claim for alleged "race discrimination" under Title VII, 42 U.S.C. § 2000e, *et seq.,* (*see*, Ex. A, Compl., at p. 7) and federal courts have original "federal question" jurisdiction over Title VII claims.

7.      This Court also has supplemental jurisdiction over Plaintiff's VHRA claim, which is duplicative of her Title VII claim, and asserted as Count II of her Complaint (*see,* Ex. A, Compl., at p. 9).

8.      Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9.      Plaintiff's VHRA claim is premised on exactly the same allegations as the Title VII claim.  (*Cf.*, Ex. A, Compl., Counts I & II).  "The VHRA essentially makes any federal violation

a violation of Virginia law as well." *Grimes v. Canadian Am. Transp., C.A.T. (U.S.), Inc.*, 72 F. Supp. 2d 629, 634 (W.D. Va. 1999).

10.     Plaintiff's VHRA claim is, thus, so related to her Title VII claim that it forms a part of the same case or controversy under Article III of the United States Constitution.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's VHRA claim.

11.     The Court may not decline to exercise supplemental jurisdiction over Plaintiff's VHRA claim because none of the criteria listed in 28 U.S.C. § 1367(c) apply here:

        (a)     The VHRA claim does not raise a novel or complex issue of state law – on the contrary, this is a typical employment discrimination lawsuit involving a single alleged act of purported "race" discrimination;

        (b)     The VHRA claim does not substantially predominate over the Title VII claim – if anything, the Title VII claim predominates over the VHRA claim;

        (c)     The district court has not dismissed any claims over which it has original jurisdiction; and

        (d)     There are no exceptional circumstances or compelling reasons for declining jurisdiction.

12.     Because this Court has supplemental jurisdiction over Plaintiff's VHRA claim, Plaintiff asserts no claims that are "not within the original or supplemental jurisdiction of the district court" under 28 U.S.C. § 1441(c)(1)(B).

13.     Accordingly, Plaintiff's VHRA claim is not severable under 28 U.S.C. § 1441(c), and removal of the entire action is proper.

## II.     Removal based on § 1332 – Diversity Jurisdiction

14.     Removal on the basis of diversity jurisdiction is proper under 28 U.S.C. § 1441(a) because:  (i) this is a civil action, brought in a state court, of which the district courts of the United

3

States have original, diversity jurisdiction, and (ii) the Eastern District of Virginia, Richmond Division, is the district court of the United States for the district and division embracing the place where this action was originally filed:  Hanover County, Virginia.

15.    This Court has original, diversity jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

16.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because Plaintiff allegedly seeks, inter alia, "compensatory damages" of "no less than $500,000." (*See*, Ex. A, Compl., at p. 10).

17.    This matter is between citizens of different states because:

(a)    Plaintiff is a resident of Hanover County and a citizen of Virginia.  (*See*, Ex. A, Compl. at p. 2, ¶ 6); and

(b)    Defendant is a citizen of Ohio.[1]

18.    More specifically, Defendant is a limited partnership organized under the laws of the state of Ohio, with its principal place of business located at 1014 Vine Street in Cincinnati, Ohio.  (*See*, Declaration of Erin Haithcock, attached as **Exhibit B,** at ¶ 3; *see also*, Ex. A., Compl., at p. 2, ¶ 8).  A limited partnership has the citizenship of each of its partners, whether general or limited.  *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).  In this case:

(a)    The sole general partner of Kroger Limited Partnership I is "KRGP, LLC" (f/k/a KRGP, Inc.)**,** a limited liability company organized under the laws of the state of Ohio.  (Ex. B, Haithcock Decl., at ¶ 4).  A limited liability company has the citizenship of each of its members

---

[1] "Kroger Limited Partnership I … is a citizen of Ohio…." *Hinton v. Kroger*, No. 3:19CV178, 2019 WL 4060339, at *1 (E.D. Va. Aug. 28, 2019) (finding diversity of citizenship between the plaintiff, a Virginia citizen, and the defendant, Kroger Limited Partnership I, an Ohio citizen).

– *see, Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) – and the sole member of KRGP, LLC, is "The Kroger Co.," a publicly traded Ohio corporation, with its principal place of business located at 1014 Vine Street in Cincinnati, Ohio. (*Id.* at ¶ 5). As a corporation, The Kroger Co., "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, KRGP, LLC, is a citizen of Ohio.

(b)    The sole limited partner of Defendant is KRLP, Inc., an Ohio corporation, with its principal place of business located at 1014 Vine Street in Cincinnati, Ohio. (Ex. B, Haithcock Decl., at ¶ 6).

19.    Section 1441(b)(1) does not apply here because no defendants are sued under fictitious names. 28 U.S.C. § 1441(b)(1). Nor does § 1441(b)(2) does apply, because none of the parties in interest properly joined and served as defendants is a citizen of Virginia.

## III.    Defendant has Satisfied all Removal Requirements of § 1446

20.    Defendant has "file[d] in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

21.    Defendant was served on August 3, 2021, so its deadline for removal was September 2, 2021. 28 U.S.C. § 1446(b). Because Defendant filed this Notice of Removal before September 2, 2021, it has satisfied the requirement of filing the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*

22.     Concurrently with the filing of this Notice, Defendant will "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Kroger Limited Partnership I, respectfully requests that this Court accept the removal of this action.

Dated:  August 18, 2021                                     **KROGER LIMITED PARTNERSHIP I**


By:____*/s/ Robert N. Drewry*_____
                                                    Counsel

Robert N. Drewry (Va. Bar No. 91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:     (804) 977-3304
Facsimile:     (804) 762-6865
E-mail:rdrewry@wtplaw.com

        *and*

Christopher S. Griesmeyer (IL Bar No.
6269851)
(*Pro Hac Vice Pending)*
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois 60606
Telephone:     (312) 428-2750
E-mail:         cgriesmeyer@grglegal.com

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th of August, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record, and in addition I will send the foregoing via first class mail, postage prepaid, to the following:

Brandon T. Bybee
William B. Barteau
Brandon T. Bybee, P.L.C.
208 East Plume Street, Suite 327
Norfolk, Virginia 23510
brandon@bybeelegal.com
william@bbeelegal.com

*Attorneys for Plaintiff, Patrice Moody*

By:   /s/ Robert N. Drewry
     Robert N. Drewry (Va. Bar No. 91282)
     WHITEFORD, TAYLOR & PRESTON, L.L.P.
     Two James Center
     1021 East Cary Street, Suite 1700
     Richmond, Virginia 23219
     Telephone:  (804) 977-3304
     Facsimile:  (804) 762-6865
     E-Mail:   rdrewry@wtplaw.com